<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH M. HILL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Civil Action No. 19-20115 (SRC)<br><br>**OPINION** |

<u>**CHESLER, District Judge**</u>

　　　This matter comes before the Court on the appeal by Plaintiff Joseph M. Hill ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

　　　In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning April 26, 2018. A hearing was held before ALJ Lisa Hibner (the "ALJ") on May 9, 2019, and the ALJ issued an unfavorable decision on June 26, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of June 26, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional and non-exertional limitations.  At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at steps two and four, the ALJ failed to consider the evidence of limitations due to Plaintiff's left shoulder problems; and 2) "the ALJ repeatedly dismissed opinion evidence throughout the record."  (Pl.'s Br. 13.)

Plaintiff's arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." Id.   In such a case, "the claimant has the 'burden' of showing that an error was harmful."   Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.   At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.   It is not enough to show the presence of an error.   Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error.   Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred.   None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki.   Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that the ALJ failed to consider Plaintiff's limitations due to his left shoulder impairments: the ALJ "failed to address Plaintiff's left shoulder condition, which included a possible left shoulder rotator cuff tear."   (Pl.'s Br. 11.)   Plaintiff points to Dr. Huynh's chart note, dated December 19, 2017, which states that Plaintiff reported left shoulder pain from an injury that occurred on December 14, 2017, and states an assessment of Plaintiff as having "left shoulder sprain with possible rotator cuff tear."   (Tr. 410-412.)   The Court observes, however, that this chart note does not document a limitation in functional capacity; it documents that, roughly five months prior to the date on which Plaintiff states his disability

began, which is April 27, 2018, his left shoulder hurt for a few days.[1] Plaintiff has made no showing that this is material. Plaintiff attempts to bolster this by pointing to records alleged to document tingling in the left shoulder in 2014, and a few complaints of left elbow pain on unspecified dates. Plaintiff has given the Court no reason to believe that any of this is evidence of an impairment of the left shoulder, much less one with implications for his functional capacity after April 27, 2018.

Next, Plaintiff contends that "the ALJ repeatedly dismissed opinion evidence throughout the record." (Pl.'s Br. 13.) Plaintiff explains that what this means is that the ALJ gave little weight to the opinions of Plaintiff's workers compensation physicians, agency reviewer Dr. Fusman, Dr. Mintzer, and Plaintiff's wife. Plaintiff argues that the "ALJ failed to provide reasoning for dismissing these opinions." (Pl.'s Br. 15.) The record does not support Plaintiff's assertion: the ALJ explained the reasons for giving little weight to the opinion of Dr. Fusman on page 26, Dr. Mintzer on page 27, and Plaintiff's wife on page 25. Plaintiff did not identify the workers compensation physicians, so the Court has no way to determine the accuracy of the assertion as to their opinions. Plaintiff has provided no basis for this Court to find that the ALJ erred, much less that Plaintiff was harmed by the error.

---

[1] The *very next page* in the records states that it is a "Work Status Summary" for this injury, and that, on January 4, 2018, Plaintiff was discharged from care, "RELEASED TO FULL DUTIES." (Tr. 213.)

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                 s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: December 24, 2020